**NOT FOR PRINTED PUBLICATION**

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
LUFKIN DIVISION

| | | |
|---|---|---|
| WILLIAM BALLARD, § | | |
| § | | |
| Plaintiff, § | CIVIL ACTION NO. 9:16-CV-00026-RC | |
| § | | |
| v. § | | |
| § | | |
| § | | |
| NANCY BERRYHILL, § | | |
| COMMISSIONER, SOCIAL SECURITY § | | |
| ADMINISTRATION, § | | |
| § | | |
| Defendant. | | |

## ORDER OVERRULING OBJECTIONS AND ADOPTING
## REPORT AND RECOMMENDATIONS

The Plaintiff requests judicial review of a final decision of the Commissioner of Social Security Administration with respect to his application for disability-based benefits. This matter has been referred to the Honorable Zack Hawthorn, United States Magistrate Judge, at Beaumont, Texas, for consideration pursuant to applicable laws and orders of this court. The magistrate judge submitted a report recommending that the Commissioner's decision be affirmed. The court has considered the report and recommendation filed on April 18, 2017 (Doc. No. 27), and the Plaintiff's objections (Doc. No. 28). The court has conducted a *de novo* review of the objections in relation to the pleadings and the applicable law. *See* Fed. R. Civ. P. 72(b).

Ballard raises two objections. His first objection is cumulative and unsubstantiated: "The Magistrate Judge erred in finding that the ALJ correctly applied the applicable legal standards in assessing Mr. Ballard's credibility, residual functional capacity ("RFC"), and ability to perform work, and in finding that substantial evidence supports those assessments." (Doc. 28, p. 1.) This

objection does not make specific references to the record nor identify errors within Judge Hawthorn's report. Rather, Ballard merely lists three paragraphs of legal standards without referencing his individual case or a specific argument. This objection is general and conclusory and need not be considered by the court. *Nettles v. Wainwright*, 677 F.2d 404, 410 n. 8 (5th Cir. 1982) *overruled on other grounds by Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415 (5th Cir. 1996) ("Parties filing objections must specifically identify those findings objected to. Frivolous, conclusive or general objections need not be considered by the district court."); *accord United States v. Carrillo–Morales,* 27 F.3d 1054, 1061 (5th Cir. 1994), *cert. denied,* 513 U.S. 1178 (1995). However, out of an abundance of caution, the court has conducted a *de novo* review of the purported objection in relation to the pleadings and the applicable law. See Fed. R. Civ. P. 72(b). After careful review, the court concludes that the Plaintiff's blanket objection is vague and unfounded, and is therefore overruled.

Ballard's second objection attacks Judge Hawthorn's assessment of the medical evidence: "The Magistrate Judge erred in finding that the ALJ correctly applied the legal standards for weighing the medical evidence and in finding that substantial evidence supports the ALJ's weighing of the medical evidence." (Doc. 16, p. 9.) Although this objection attacks a specific aspect of Judge Hawthorn's findings, it is also vague and unpersuasive. Ballard claims that ALJ Deramus did not properly assess the medical evidence and "made his own independent medical findings, which he is not allowed to do." (*Id.*) This objection is overruled on two grounds. First, the medical record is devoid of medical evidence that conflicts with or contradicts the medical findings ultimately made by ALJ Deramus. Judge Hawthorn acknowledged this in concluding that the objective medical evidence is insufficient to establish a disabling impairment, and correctly noted that the court cannot rely solely on Ballard's subjective

statements to conclude he is disabled.  Second, Ballard's objection, which was raised in the most skeletal way, raises issues and legal arguments not found in his initial briefing to the court.  In his objections, Ballard argues that ALJ Deramus failed to correctly apply the governing legal standards for weighing the medical evidence, citing *Hammond v. Barnhart*, 124 F. App'x 847, 851 (5th Cir. 2005), and 20 C.F.R. § 404.1527.  The court notes that Ballard did not raise this argument in his original brief in any discernable or convincing manner, and did not even mention 20 C.F.R. § 404.1527 nor *Hammond*, on which he now relies.  In any event, these authorities do not apply to the issues involved in his appeal as presented to the court in his initial briefing.  Accordingly, Ballard's second objection to the magistrate judge's report and recommendation is overruled.

After careful consideration, the court concludes that the Plaintiff's objections are without merit.  Accordingly, the court **ADOPTS** the magistrate judge's recommendation, **OVERRULES** the Plaintiff's objections, and **AFFIRMS** the Commissioner's denial of benefits.  A final judgment will be entered in this case in accordance with the magistrate judge's recommendation.

So **ORDERED** and **SIGNED** this **2**   day of **June, 2017.**

_____
Ron Clark, United States District Judge